**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 07 - 130 - 02 (JR)** |
| | ) | |
| | ) | |
| **LAKEISHA GRIMES** | ) | |
| | ) | |

**DEFENDANT LAKEISHA GRIMES' MOTION FOR SEVERANCE AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant, Lakeisha Grimes, through undersigned counsel, hereby moves, pursuant to

Rule 8(b) and 14 of the Federal Rules of Criminal Procedure, to sever her trial from that of her

co-defendant, or in the alternative to sever the misjoined counts.  As grounds for this Motion

defendant states as follows:

**BACKGROUND:**

Ms. Grimes is charged in three counts of a six count indictment.  Ms. Grimes and her co-

defendant, Damien Thompson, are charged together in Count One with Maintaining a Drug-

Involved Premises; in Count Five with Possession of Marijuana; and in Count Six with Using,

Carrying, and Possessing a Firearm During a Drug Trafficking Offense.  Mr. Thompson is

charged by himself in Counts Two and Three, respectively, with Distribution of Cocaine Base

and Distribution of Cocaine Base Within 1000 feet of a School; and in Count Four with

Possession of a Firearm by a Person With a Felony Conviction.  The charges against Ms. Grimes

are based in large part on the evidence recovered by law enforcement during the execution of a

search warrant at 4204 Fourth Street, S.E., apartment 201 on or about May 23, 2006.

The government's theory as to Ms. Grimes appears to be that she allowed Mr. Thompson

to use the apartment for his drug activities.  On information and belief, Ms. Grimes alleges that if

she is afforded a separate trial from Mr. Thompson, he can and will provide exculpatory

testimony regarding her lack of knowledge as the gun and ammunition found in the apartment ,

as well as other potentially incriminating items.

- 2 -

**LEGAL ARGUMENTS:**

a.       **Severance To Permit Co-Defendant Testimony**

Under Rule 14 of the Federal Rules of Criminal Procedure, severance of defendants is left to the sound discretion of the trial judge.  See, United States v. Mardian, 546 F.2d 973 (D.C. Cir. 1976).  When ruling on severance motions judges traditionally balance the prejudice to the defendant against the interests of judicial economy inherent in a joint trial. Id.   Ms. Grimes will be prejudiced by a joint trial with her co-defendant because she will not be able to call her co-defendant, Damien Thompson, as a witness at a joint trial.  In light of the exculpatory testimony Ms. Grimes believes Mr. Thompson would provide at a separate trial, Ms. Grimes submits that she will therefore be denied a fair trial unless severance is granted.

The Supreme Court has recognized that a defendant can be prejudiced if essential exculpatory evidence, which would be available at a separate trial, is unavailable at a joint trial. See, Zafiro v. United States, 506 U.S. 534, 539 (1993).  In such a case the interests of judicial economy do not outweigh a defendant's right to a fair trial.  See,  United States v. Wilson, 116 F.3d 1066, 1084-85 (5th Cir. 1997). The defendant must demonstrate the exculpatory nature of the testimony, the need for the testimony, and the likelihood that the co-defendant will testify if the cases are severed. See generally, United States v. Ford, 870 F.2d 729, 731 (D.C. Cir. 1989).

In short, Ms. Grimes submits that she can not get a fair trial if jointly tried with her co-defendant, and that the interests of judicial economy do not outweigh her need for a separate trial. Applying the principles enunciated in United States v. Ford, Ms. Grimes' request for severance should be granted.

### b.    Misjoinder of Counts

Rule 8(b), Federal Rules of Criminal Procedure, controls both the joinder of offenses and defendants where there are two or more defendants charged.  United States v. Jackson, 562 F.2d 789, 793 - 94 (D.C. Cir. 1977).  Rule 8(b) provides as follows:

> Joinder of Defendants.  Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses.  Such defendants may be charged in one or more counts both together or separately and all of the defendants need not be charged in each count.

Mr. Bryant submits that the allegations of drug distribution are limited to Mr. Thompson. Since they do not relate in any way to her, it can not reasonably be said that Ms. Grimes participated in those counts as part of a "series of acts or transactions" with Mr. Thompson.  The indictment fails to show that Ms. Grimes participated in a series of acts constituting the offenses of distribution of cocaine base and distribution of cocaine base within 1000 feet of a school.  As a result, Ms. Grimes contends that there is improper joinder under Rule 8(b) of the Federal Rules of Criminal Procedure, and that Counts Four and Five should be severed from this indictment.

Rule 8(a) permits joinder of similar but unrelated offenses in a single defendant case. However, "in the multiple defendant context, Rule 8(b) forbids joinder, even of identical crimes, unless those crimes are part of 'the same series of acts or transactions'."  Jackson, supra at 797. Recognizing that there is always some degree of prejudice when other charges are joined in an indictment, Rule 8(b) significantly limits the circumstances under which the government can include prejudicial charges involving a co-defendant.  Moreover, proper joinder must be determined from the allegations in the indictment, not from the evidence at trial. See generally, United States v. Posada-Rios, 158 F.3d 832 (5th Cir. 1998).   Thus since joinder is not proper based on the allegations in the indictment, a severance of the misjoined counts must now be granted.

- 3 -

**c.**    **Other Rule 14 Severance Issues:**

In the event the Court finds that Counts Four and Five are properly joined under Rule 8(b) of the Federal Rules of Criminal Procedure, Ms. Grimes seeks a separate trial under Rule 14 of the Federal Rules of Criminal Procedure.  Rule 14 provides for relief from prejudicial joinder of counts or defendants.  Such relief is left to the sound discretion of the trial judge.  See, United States v. Mardian, 546 F.2d 973 (D.C. Cir. 1976).  Defendant contends that the prejudice to the defendant from the joinder of the counts discussed above, as well as from the government's proffered intent to introduce evidence of other illegal narcotics trafficking as to Mr. Thompson, far outweighs the interest in having a single joint trial in this case.

When ruling on severance motions judges traditionally balance the prejudice to the defendant against the interests of judicial economy inherent in a joint trial. Id.   Ms. Grimes will be unfairly prejudiced by the spillover effect of the significant evidence of other criminal conduct by Mr. Thompson.  The question is not so much whether such evidence will be prejudicial to Ms. Grimes. The real question is whether a trial with Mr. Thompson is unfairly  prejudicial.  See generally, United States v. Sampol, 636 F.2d 621 (D.C. Cir. 1980).  In short, there is a likelihood that Ms. Grimes could be convicted simply because of her association with Mr. Thompson once they hear of his other drug activities.  Thus Ms. Grimes should be granted a separate trial.

In summary, Ms. Grimes submits that she can not get a fair trial due to the prejudicial joinder with Mr. Thompson, who is also accused of several other drug offenses.  Defendant further submits that the interests of judicial economy do not outweigh her need for a separate trial.  Thus applying the principles enunciated in Mardian, defendant's request for severance should be granted.  See generally, United States v. Mardian, Supra at 977; United States v. Sampol, Supra.

- 4 -

WHEREFORE, for these reasons, and any additional reasons adduced at a hearing on this motion, defendant Lakeisha Grimes respectfully requests that this Court grant her request for a separate trial based on the grounds of prejudicial joinder under Rule 14, and  so that the co-defendant can provide exculpatory testimony.  In the alternative, Ms. Grimes respectfully requests that this Court grant her request for a  severance of all misjoined counts under Rule 8(b).

Respectfully submitted,

/s/
Howard B. Katzoff, #348292
717 D Street, N.W.,    Suite 310
Washington, D.C. 20004
(202) 783-6414
Counsel for Lakeisha Grimes

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served electronically upon AUSAs Arvind Lal and Matthew Cohen, Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530, and defense counsel of record this   20th   day of December, 2007.

/s/
Howard B. Katzoff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| **v.** | ) **Crim. No. 07 - 130 - 02 (JR)** |
| | ) |
| | ) |
| **LAKEISHA GRIMES** | ) |
| | ) |

**ORDER**

The Court has reviewed, Defendant Lakeisha Grimes' Motion For Severance, and

Memorandum of Points and Authorities In Support Thereof, any opposition thereto, and the

entire record in this case, and it appears to the satisfaction of the Court that such relief should be

granted.

Accordingly, it is, this _____ day of _____, 2008,

ORDERED that defendant Grimes' Motion For Severance is hereby GRANTED.

_____
JAMES ROBERTSON
United States District Court

Copies to:

Howard B. Katzoff, Esq.
717 D Street, N.W. , Suite 310
Washington, D.C.  20004

Arvind Lal, Esq.
Matthew Cohen, Esq.
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530

Defense counsel of record