UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Crim. No. 07 - 130 - 02 (JR) |
| | ) |
| | ) |
| LAKEISHA GRIMES | ) |
| | ) |

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant, Lakeisha Grimes, through undersigned counsel, pursuant to the Fourth Amendment to the United States Constitution, and Rules 12(b)(3) and 41 of the Federal Rules of Criminal Procedure, respectfully moves this Court to suppress all evidence seized as a result of the illegal search of her apartment on or about May 23, 2006. As grounds for this Motion, defendant states the following:

**BACKGROUND**

Ms. Grimes is charged in three counts of a six count indictment. Ms. Grimes and her co-defendant, Damien Thompson, are charged together in Count One with Maintaining a Residence for the Purpose of Manufacturing, Distributing, and Using a Controlled Substance; in Count Five with Possession of a detectable amount of Marijuana; and in Count Six with Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense. Mr. Thompson is charged by himself in Counts Two and Three, respectively, with Distribution of Cocaine Base and Distribution of Cocaine Base Within 1000 feet of a School; and in Count Four with Unlawful Possession of a Firearm by a Person With a Felony Conviction. The charges against Ms. Grimes are based in large part on the evidence recovered by law enforcement during the execution of a search warrant at her apartment on or about May 23, 2006.

The search warrant in this case authorized the search of eight (8) locations, including Ms. Grimes' home at 4204 Fourth Street, S.E., apartment 201. The affidavit in support of the search

warrant indicates that law enforcement was investigating an alleged drug trafficking conspiracy operating primarily in the 4200 and 4300 blocks of Fourth Street, S.E..[1] The "organization" was allegedly headed by James Lamont Becton and Willie Latrell Best, and included Frederick Mercer, Carolyn Becton, Shannon Best, Jaquan Best, and Russell Ramseur. [Affid. p. 7].

The search warrant affidavit outlines the criminal history, if any, of the individuals identified, and describes the corroborating information provided by four cooperating individuals, as well as controlled purchases allegedly involving Becton and Best. [Affid. pp. 7-21]. The affidavit indicates that there were judicially authorized wiretaps on a number of telephones, primarily related to Mercer, Willie Best, and James Becton. Some of the pertinent calls are summarized in the affidavit. [Affid. pp. 21-42]. Ms. Grimes and Mr. Thompson are not mentioned in any of the activations or calls summarized in that section of the affidavit. Furthermore, there is no reference to any drug activities related to 4204 Fourth Street, S.E., apartment 201. In fact, there are no reference whatsoever regarding 4204 Fourth Street, S.E., apartment 201 in the summary of wiretap calls.

The search warrant affidavit next addresses the alleged probable cause as to the eight (8) locations the F.B.I. was seeking authorization to search. The totality of the allegations as to Ms. Grimes' apartment can be found on pages 59 through 64 of the affidavit. There are no alleged observations of narcotics activities in or about Ms. Grimes' apartment, and no references in the conversations whatsoever regarding her apartment. Id. The affidavit does not allege that there was probable cause to believe Ms. Grimes was involved in any illegal narcotics activities. Instead, the affidavit alleges that there was probable cause to believe that Mr. Thompson was involved in street level narcotics trafficking activities in the "pit", the parking lot area in front of the Atlantic Gardens Apartment Complex in the 42000 block of Fourth Street, S.E. [Affid. pp. 61-64]. In addition, the affidavit states that Mr. Thompson admitted to law enforcement that in

---

[1] Due to problems with counsel's scanner, Defendant is unable to file the Search Warrant and the Affidavit in Support of the Search Warrant contemporaneously with this motion. Defendant will file those documents with a Notice of Filing as soon as possible.

August 2005, after working the midnight shift at Shoppers Food Warehouse, he would visit the 4200 block of Fourth Street, S.E., to help care for his daughter who lived with "Keisha Grimes", the baby's mother.[2]  There was no information suggesting that Mr. Thompson continued with that routine in 2006.  There was no information in the affidavit that Ms. Grimes was Mr. Thompson's girlfriend in August 2005.   More importantly, the affidavit clearly has no information of a "girlfriend" relationship, or any relationship for that matter, in May 2006.  The only location Mr. Thompson gave as his address was 601 Barrowfield Court in Fort Washington, Maryland. [Affid. p. 60].   Finally, based on rank speculation rather than articulable facts, the affiant states that the "investigators believe [Mr. Thompson] would likely store drugs or maintain records at a residence, such as Grimes' residence, on Fourth Street of which he would have access or dominion and control." [Affid. p. 64].  While there might have been probable cause to believe that Ms. Grimes lived at 4204 Fourth Street, S.E., apartment 201, such a finding does not establish probable cause to believe that Mr. Thompson stored drugs or maintained drug records there in May 2006.  At best, the allegations, if believed, raise suspicions about the apartment, but do not come close to establishing probable cause.

On or about May 22, 2006, Magistrate Judge Kay authorized the issuance of the search warrant for Ms. Grimes' apartment, as well as for the other seven locations.  On or about May 23, 2006, the police entered Ms. Grimes' apartment by ramming the door, searched the premises, and seized items, including a handgun, ammunition, a razor blade with residue, and other physical evidence.  The government indicates that it intends to introduce the seized evidence during the trial of the defendants in this case.  Defendant respectfully submits that the evidence was unlawfully seized, and is therefore inadmissible.  Thus defendant is seeking an order from this Court suppressing the evidence as "fruits of the poisonous tree".  See, *Wong Sun v. United States*,

---

[2]  Leaving aside the fact that Mr. Thompson did not have a daughter with Ms. Grimes at the time, there is no indication of any corroboration that Mr. Thompson had any real connection to Ms. Grimes' apartment in or about May 2006, and certainly no allegation of a narcotics connection to the apartment.

371 U.S. 471 (1963).

**LEGAL ARGUMENT:**

    **I.**     **Standing:**

The Fourth Amendment protects against "unreasonable searches and seizures". Those protections extend to those people who have a "legitimate expectation of privacy" in the premises. See, *Katz v. United States*, 389 U.S. 347 (1967); *Rakas v. Illinois*, 439 U.S. 128 (1978). Owners, lessees, residents, and overnight guests are deemed to have a reasonable expectation of privacy in the premises. See, *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990). The government's disclosures and discovery in the case demonstrates that Ms. Grimes was the lessee of the apartment and was present during the execution of the search warrant. Thus Ms. Grimes clearly had a reasonable and legitimate expectation of privacy in the home, and has "standing" to challenge the search and seizures in this case.

    **II.**     **Search Warrant Affidavit Failed to Establish Probable Cause:**

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures". For that reason "no warrants shall issue, but upon probable cause." U.S. Const. amend. IV. Evidence obtained by the government in violation of the Fourth Amendment must be suppressed or excluded from use in the government's case-in-chief. See *United States v. Dawkins*, 17 F.3d 399, 407-08 (D.C. Cir. 1994), citing *Weeks v. United States*, 232 U.S. 383 (1914). [3]

Special Agent Christopher Fiorito's affidavit failed to set forth sufficient factual

---

[3] Defendant recognizes that not all evidence obtained in violation of the Fourth Amendment must be suppressed. In *United States v. Leon*, 468 U.S. 897, 920 (1984), the Court carved out a "good faith" exception to the exclusionary rule. Defendant submits that the "good faith" exception does not apply in this case and will address those arguments in Section III, Infra.

allegations to establish "probable cause" as to Ms. Grimes and her apartment.  Agent Fiorito's belief that Mr. Thompson would likely store drugs or maintain records in a location *such as* Ms. Grimes' apartment is the type of conclusory statement which should be given little or no weight in the probable cause determination.  See generally, United States v. Feliz, 20 F. Supp. 2d 97, at 104, citing United States v. Weaver, 99 F.3d 1372, 1378 (6th Cir. 1996).  While there may have been probable cause as to other locations, the affidavit clearly fails to establish probable cause for the officers to reasonably believe that drugs or drug records would be found at 4204 Fourth Street, S.E., apartment 201.[4]

Far more factual information and corroboration was needed to reasonably establish probable cause that Mr. Thompson was regularly using Ms. Grimes' apartment for drug involved purposes in May 2006, and that he would therefore store drugs or keep other record evidence of narcotics trafficking in Ms. Grimes' apartment.  In short, the affidavit fell far short of establishing the requisite probable cause for the search of 4204 Fourth Street, S.E., apartment 201 on May 23, 2006.

### III.    Leon's Good Faith Exception Does Not Apply in this Case:

The affidavit in support of the search warrant in this case unquestionably lacks the requisite probable cause, and therefore violates the Fourth Amendment.  Evidence seized in violation of the Fourth Amendment must be suppressed unless the circumstances support a finding that the police obtained "the evidence through objective good faith reliance on a facially valid warrant that is later found to lack probable cause."  United States v. Johnson, 322 F. Supp 2d 35, 38 (D.D.C. 2004), citing United States v. Leon, 468 U.S. 897, 920 (1984).  Thus the only

---

[4] This case points out a problem that is surfacing more often as law enforcement officials seek search warrants for multiple locations.  There is usually overwhelming probable cause as to some locations, which can improperly spill over when the judicial officer is considering other locations.  It is easier for judicial officers to overlook flaws in the allegations as to the locations lacking in probable cause when presented as a multiple-location search warrant request, which is what appears to have occurred in this case.

real question in this case is whether the "good faith" exception should apply to allow the introduction of the seized evidence.

The Supreme Court identified four situations in which it is not appropriate to apply the "good faith" exception because the officer "will have no reasonable grounds for believing that the warrant was properly issued." <u>Leon</u> at 923.  Those situations are as follows: (1) where the magistrate issued the warrant based on a deliberately or recklessly false affidavit; (2) where the issuing magistrate failed to act in a neutral and detached manner; (3) where a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in existence entirely unreasonable"; and (4) where a warrant is "so facially deficient -- i.e., in failing to particularize the place to be searched or the things to be seized - - that the executing officers cannot reasonably presume it to be valid." <u>Id.</u>   Defendant submits that the third situation makes the good faith exception inapplicable in this case.

The affidavit in support of the search warrant for Ms. Grimes' home is so lacking in indicia of probable cause that a reasonably trained officer could not reasonably believe in the existence of probable cause for the search.  The test is an objective one - whether "a reasonably well trained officer would have known that the search was illegal despite the [judge's] authorization." <u>Johnson</u> at 40 (citations omitted).   Thus the court must objectively determine what a reasonably well trained officer should have known under the circumstance.

The affidavit in this case does not demonstrate that Ms. Grimes' apartment was connected in any way to drug activities.  The totality of circumstances relied upon in obtaining the search warrant hinged largely on the affiant's conclusory statements regarding law enforcement's suspicions that Ms. Grimes was Mr. Thompson's girlfriend in May 2006, and that he was therefore using the apartment to store drugs and/or other evidence in her apartment.[5]   The

---

[5] The fact that the affidavit contains so little information in support of the agent's conclusory statements significantly undercuts the agent's conclusions, particularly since the search warrant affidavit was prepared following a long term investigation, many months of wiretap and physical surveillance, and information supplied by alleged criminal insiders or cooperators.

allegations are simply too attenuated, and are not supported by facts, details, or other evidence. In short, there were no legitimate reasons provided to establish probable cause as to Ms. Grimes or her apartment.

As in *Johnson*, the affidavit in this case is so deficient that it would be unreasonable for a reasonably well trained officer to believe that probable cause existed as to Ms. Grimes' apartment. Moreover, the same law enforcement agency was responsible for obtaining and executing the warrant. Thus, as the court held in *Johnson*, those deficiencies can not be cured, and the Leon "good faith" exception does not apply. Accordingly, the evidence seized as a result of the warrant must be excluded at trial.

**Conclusion**:

For the above stated reasons, and for any other reasons adduced at a hearing on this Motion, defendant respectfully requests that the Court suppress all physical evidence seized from 4204 Fourth Street, S.E., apartment 201 on or about May 23, 2006.

Respectfully submitted,

/s/
Howard B. Katzoff, #348292
717 D Street, N.W.,   Suite 310
Washington, D.C. 20004
(202) 783-6414
Counsel for Lakeisha Grimes

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served electronically upon AUSAs Arvind Lal and Matthew Cohen, Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530, and defense counsel of record this   20th   day of December, 2007.

/s/
Howard B. Katzoff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 07 - 130 - 02 (JR) |
| | ) |
| LAKEISHA GRIMES | ) |

**ORDER**

The Court has reviewed, Defendant Lakeisha Grimes' Motion To Suppress Physical Evidence, and Memorandum of Points and Authorities In Support Thereof, any opposition thereto, and the entire record in this case, and it appears to the satisfaction of the Court that such relief should be granted.

Accordingly, it is, this _____ day of _____, 2008,

ORDERED that defendant Grimes' Motion To Suppress Physical Evidence is hereby GRANTED.

                                                JAMES ROBERTSON
                                              United States District Court

Copies to:
Howard B. Katzoff, Esq.
717 D Street, N.W. , Suite 310
Washington, D.C.  20004

Arvind Lal, Esq.
Matthew Cohen, Esq.
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530

Defense counsel of record