## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| **v.** | ) **Crim. No. 07 - 130 - 02 (JR)** |
| | ) |
| | ) |
| **LAKEISHA GRIMES** | ) |
| —————————————————— | ) |

### DEFENDANT'S MOTION TO SUPPRESS  STATEMENTS
### AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant, Lakeisha Grimes, through undersigned counsel, pursuant to the Fourth, Fifth, and Sixth Amendments to the United States Constitution, respectfully moves this Court to suppress any statements obtained as a result of the police interrogation in her case.  As grounds for this Motion, defendant states the following:

**FACTUAL BACKGROUND:**

_____On or about May 26, 2006, law enforcement officers executed a search warrant at 4204 Fourth Street, S.E., apartment 201.   The officers seized a number of items from the apartment, including a firearm, ammunition, suspected narcotics paraphernalia, and other items.  The officers arrested Ms. Grimes, advised her that it was in her best interest to speak to them, asked her to read and sign an advice of rights form, and then interrogated her about her knowledge of the incriminating items seized from her house, as well as her knowledge of co-defendant Damien Thompson's alleged drug dealing activities.  Ms. Grimes was extremely upset and anxious.  She did not comprehend the meaning of the advice of rights form, but agreed to answer questions based on the agents' assurances that it was in her best interest to do so.  The next day she was taken to court and advised that the case was "no papered".

On or about May 18, 2007, the indictment in this case was returned, primarily based on the search warrant evidence from May 23, 2006.  An arrest warrant was issued for Ms. Grimes based on the indictment.  On or about May 22, 2007, Ms. Grimes was again arrested.  A family member had to come and pick up her children.  She was taken to the United States Park Police

Anacostia Operations Facility .  She was very shaken and upset.  She was again advised that it was in her best interest to talk to the officers, and was provided an advice of rights form. Although she still did not understand the form, she signed it and answered the officers' questions, believing that it would enable her to go home like she had done the year before when arrested.  The government has indicated that it intends to introduce Ms. Grimes' statements at trial.  Thus Ms. Grimes now moves to suppress all statements made to law enforcement officers following her arrests in May 2006 and May 2007, as fruits of the "poisonous tree" - ie. fruits of the unlawful search and seizures on May 23, 2006 which resulted in her arrest.[1]  See, _Wong Sun v. United States_, 371 U.S. 471 (1963).  In addition, Ms. Grimes contends that the statements were not voluntary, and also that the interrogations were in violation of her Miranda rights.  Miranda v. Arizona, 384 U.S. 436 (l966)


## LEGAL ARGUMENTS:

### Suppression of Statements as Fruits of the Unlawful Search:

Ms. Grimes is contemporaneously filing a motion to suppress physical evidence based on the unlawful search and seizures.  She hereby moves to adopt and incorporate in this motion the arguments made in the motion to suppress physical evidence.

Wherefore, defendant submits that the search at 4204 Fourth Street, S.E., Apartment 201 was unconstitutional, and that the statements obtained as a result of the unlawful search and arrest on May 23, 2006 must be suppressed as the "fruits of the poisonouse tree."   See, _Wong Sun v. United States_, 371 U.S. 471 (1963).

---

[1] Ms. Grimes is contemporaneously filing a motion to suppress physical evidence based on the unlawful search and seizures.  She hereby moves to adopt and incorporate in this motion the arguments made in the motion to suppress physical evidence.

**Defendant's Statements Were Not Voluntary**

A criminal defendant's due process rights are violated if his or her conviction is based upon an involuntary confession. See, <u>Jackson v. Denno</u>, 378 U.S. 368, 376 (1964). Thus statements involuntarily elicited from a suspect by police are inadmissible at trial. Since Ms. Grimes statements to police following her arrests on May 23, 2006 and May 22, 2007 were involuntary they must be suppressed.

The burden rests with the Government to show that the defendant's statements were voluntary, <u>Lego v. Twomey</u>, 404 U.S. 5l9 (l972), and that they were "the product of an essentially free and unconstrained choice by its maker." <u>Schneckloth v. Bustamonte</u>, Supra. Defendant submits that the government can not make such a showing in this case, and that the statements must therefore be suppressed. .

Courts have considered numerous factors in determining whether statements are involuntary. For example, the Courts have reviewed the presence of any psychological pressures or coercion by the police. <u>See</u>, <u>Brown v. United States</u>, 297 U.S. 278 (l936). Also, they have examined whether the individual was informed of his or her <u>Miranda</u> rights, the adequacy of such warnings, and the circumstances surrounding any purported waiver of such rights. <u>See</u>, <u>e.g.</u>, <u>Branch v. United States</u>, 63l F.2d l229 (5th Cir. l980). The defendant contends that an examination of the facts surrounding the police interrogations of her, will demonstrate that the statements made by Ms. Grimes were not voluntary. Thus any statements made by the defendant following her two arrests in this case must be suppressed.

**Defendant's Statements Were Obtained in Violation of Her Miranda Rights**

Even if the Court concludes that Ms. Grimes' statements were made voluntarily, they must be suppressed because they were obtained in violation of the dictates of <u>Miranda v. Arizona</u>, 384 U.S. 436 (l966) and its progeny. In <u>Miranda</u>, <u>supra</u>, the Supreme Court held that the government was not permitted to "use statements, whether exculpatory or inculpatory,

stemming from custodial interrogation unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Id. at 444.  Statements are inadmissible unless the police advise the individual of the constitutional rights that exist throughout custodial interrogation.  Only after the proper advice of rights, and a knowing and intelligent waiver of such rights by the defendant, may statements be admitted into evidence.   Id. The Government bears a heavy burden of proving a knowing, intelligent and voluntary waiver. Brewer v. Williams, 430 U.S. 387 (l977); Dupont v. United States, 259 A. 2d 355 (D.C. App. l969).

　　　　To show a valid waiver in the instant case, the Government must demonstrate that the defendant made an intentional relinquishment of a known right or privilege.  Courts generally examine whether the individual was informed of his or her  Miranda rights, the adequacy of such warnings, and the circumstances surrounding any purported waiver of such rights. See, e.g., Branch v. United States, 63l F.2d l229 (5th Cir. l980).  Defendant contends that the government can not meet that burden in this case.  As discussed above, Ms. Grimes was very upset and was unduly influenced by the officers' assurances that it was in her interest to talk to them.  Simply put, she did not knowingly, intentionally, and voluntarily agree to answer questions that day. Since the use of the FD-95 advice of rights form did not properly and effectively inform Ms. Grimes of her constitutional rights under all the circumstances in this case, her purported waiver was not knowing, intelligent, and voluntary.  Thus defendant respectfully requests that the statements be suppressed.


**Conclusion:**

　　　　For the above stated reasons, and for any other reasons adduced at a hearing on this Motion, defendant respectfully requests that the Court suppress any and all statements made to police following her arrests on May 23, 2006 and May 22, 2007.

Respectfully submitted,

/s/

Howard B. Katzoff, #348292
717 D Street, N.W.,    Suite 310
Washington, D.C. 20004
(202) 783-6414
Counsel for Lakeisha Grimes

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served electronically upon AUSAs Arvind Lal and Matthew Cohen, Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530, and defense counsel of record this   20th   day of December, 2007.

_____/s/_____
Howard B. Katzoff

5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| **v.** | ) **Crim. No. 07 - 130 - 02 (JR)** |
| | ) |
| | ) |
| **LAKEISHA GRIMES** | ) |
| | ) |

## ORDER

The Court has reviewed, Defendant Lakeisha Grimes' Motion To Suppress Statements
and Memorandum of Points and Authorities In Support Thereof, any opposition thereto, and the
entire record in this case, and it appears to the satisfaction of the Court that such relief should be
granted.

Accordingly, it is, this _____ day of _____, 2008,

ORDERED that defendant Grimes' Motion To Suppress Statements is hereby
GRANTED.


_____
JAMES ROBERTSON
United States District Court

Copies to:
Howard B. Katzoff, Esq.
717 D Street, N.W. , Suite 310
Washington, D.C.  20004

Arvind Lal, Esq.
Matthew Cohen, Esq.
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530

Defense counsel of record