UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Crim. No. 07 - 130 - 02 (JR) |
| | ) |
| | ) |
| LAKEISHA GRIMES | ) |
| | ) |

**REQUEST FOR NOTICE OF IDENTIFICATION PROCEDURES
AND MOTION TO SUPPRESS UNRELIABLE IDENTIFICATION TESTIMONY
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW the Defendant, Lakeisha Grimes, by and through undersigned counsel, and respectfully moves this Court to compel notice of all identification procedures relating to the defendant; to suppress as evidence all testimony that relates to any unreliable out-of-court identifications of the Defendant by potential government's witnesses; and further to preclude the Government from eliciting in-court identifications of the Defendant by any witness whose out-of-court identification has been suppressed. As grounds for this request Defendant states as follows:

1. Ms. Grimes is charged in three counts of a six count indictment. Ms. Grimes and her co-defendant, Damien Thompson, are charged together in Count One with Maintaining a Drug-Involved Premises; in Count Five with Possession of Marijuana; and in Count Six with Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense. Mr. Thompson is charged by himself in Counts Two and Three, respectively, with Distribution of Cocaine Base and Distribution of Cocaine Base Within 1000 feet of a School; and in Count Four with Possession of a Firearm by a Person With a Felony Conviction.

2. The charges against Ms. Grimes are based in large part on the evidence recovered by law enforcement during the execution of a search warrant at 4204 Fourth Street, S.E., apartment 201 on or about May 23, 2006. However, the government has also indicated that it intends to introduce evidence of certain alleged drug dealing activities as to Mr. Thompson. Therefore, out

2

of an abundance of caution, defendant is requesting that the government disclose any and all identification procedures in which a photograph of Ms. Grimes or a photo array including Ms. Grime' photograph has been shown to a government witness; whether the witness identified Ms. Grimes; and whether the government intends to elicit an in court identification from that witness.

3. Defendant is filing this motion to assure that any and all identifications based on prior identification procedures have been disclosed and properly reviewed by the Court prior to trial, and to assure that there are no surprises at trial. [1]

4. Defendant respectfully requests that the Court make a pretrial determination regarding the admissibility of all proffered identification testimony as to Ms. Grimes.  In making that determination, "[t]he court must carefully consider all possible evidence of actual unreliability in determining whether the requisites of due process have been met."  Russell v. United States, 408 F.2d 1280, 1282 (D.C. Cir. 1969).  Manson v. Braithwaite, 432 U.S. 98 (1977) points to several relevant areas of inquiry:  the opportunity of the witness to view the criminal at the time of the crime; the witness' degree of certainty demonstrated at the time of the confrontation; the accuracy of the prior description of the criminal; the witness' degree of attention; and the time between the crime and the confrontation.  Defendant submits that an analysis of the factors in this case will lead to the conclusion that the out-of-court pre-trial identification(s) in question were unnecessarily suggestive and unreliable.  See, Manson, supra.  Therefore, defendant submits that the out-of-court identification(s) must be suppressed.

5. Moreover, when an out-of-court identification is unduly suggestive and unreliable, the Government can elicit an in-court identification only if there is a source independent of those pre-trial identifications to support the in-court identification. United States v. Wade, 388 U.S. 218 (1967).

---

1  Obviously, defendant understands that the arresting officers will identify her.  This motion is not intended to address such identification issues.  This motion is merely intended to assure that there are no identifications by civilians or police officers which defendant should have an opportunity to challenge before trial.

3

6. Defendant respectfully requests a hearing on this motion.

WHEREFORE, for these reasons and such other reasons as may be adduced at a hearing on this motion, the Defendant respectfully requests that the Court compel notice of the requested identification information; suppress as evidence all testimony that relates to unreliable out-of-court identifications of the Defendant by potential government's witnesses; and preclude the Government from eliciting in-court identifications of the Defendant by any witness whose out-of-court identification has been suppressed.

Respectfully submitted,

/s/

Howard B. Katzoff, #348292
717 D Street, N.W.,   Suite 310
Washington, D.C. 20004
(202) 783-6414
Counsel for Lakeisha Grimes

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion has been served electronically upon AUSAs Arvind Lal and Matthew Cohen, Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20530, and defense counsel of record this __20th__ day of December, 2007.

/s/
Howard B. Katzoff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| v.   ) | **Crim. No. 07 - 130 - 02 (JR)** |
| ) | |
| ) | |
| **LAKEISHA GRIMES** ) | |
| ) | |

**ORDER**

The Court has reviewed, Defendant Lakeisha Grimes' Motion To Compel Notice of Identification Procedures and Memorandum of Points and Authorities In Support Thereof, any opposition thereto, and the entire record in this case, and it appears to the satisfaction of the Court that such relief should be granted.

Accordingly, it is, this _____ day of _____, 2008,

ORDERED that defendant Grimes' Motion To Compel Notice of Identification Procedures is hereby GRANTED.

JAMES ROBERTSON
United States District Court

Copies to:
Howard B. Katzoff, Esq.
717 D Street, N.W. , Suite 310
Washington, D.C.  20004

Arvind Lal, Esq.
Matthew Cohen, Esq.
Office of the United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530

Defense counsel of record